➢AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

JERRY GADDIS

V.

BOARD OF EDUCATION OF THE EAST
RAMAPO SCHOOL DISTRICT

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 08 CV 7220

JUDGE GARDEPHE
ECF CASE

TO: (Name and address of Defendant)

Board of Education of the East Ramapo School District
23 Madison Avenue
Spring Valley, NY, 10977

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James R. Sandner (Maria Elena Gonzalez, of Counsel)
52 Broadway, 9th Floor
New York, NY, 10004-1614

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Catherine Lapsley_ (signature)

(By) DEPUTY CLERK

DATE   AUG 1 3 2008

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  | $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                     Date                            Signature of Server

                                                _____
                                                Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JERRY GADDIS,

                       Plaintiff,         **COMPLAINT AND
                                              DEMAND FOR JURY TRIAL**

           - against -

                                              CASE NUMBER:
BOARD OF EDUCATION OF THE EAST RAMAPO      08 CV 7220
SCHOOL DISTRICT.                                       JUDGE GARDEPHE
                       Defendant.        ECF CASE

------------------------------------------------------------------ X

       Plaintiff, JERRY GADDIS, by his attorney JAMES R. SANDNER, ESQ.

(MARIA ELENA GONZALEZ, of Counsel), complains of Defendant as follows:

### JURISDICTION AND VENUE

       1.      This is an action brought to remedy discrimination in employment on the basis of perceived disability, in violation of the *Americans with Disabilities Act of 1990, as amended*, 42 U.S.C. § 12101 *et. seq.* ("*ADA*"); the *New York State Human Rights Law*, and the *Executive Law* §290 *et. seq.* ("*Human Rights Law*"). This Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and its pendant jurisdiction are also invoked.

       2.      Jurisdiction of this Court is invoked pursuant to 28 *U.S.C.* §§ 1331, 1343(a)(4), and 1367, and 42 *U.S.C.* § 12117(a). Compensatory damages are sought pursuant to 42 *U.S.C.* §1981a; and *Executive Law* §297(9). Punitive damages are sought pursuant to 42 *U.S.C.* § 1981a.

3. Costs and attorney fees are sought pursuant to 42 *U.S.C.* § 12117(a).

4. Venue is proper in the Southern District of New York, pursuant to 28 *U.S.C.* §1391(b), because the unlawful employment practice occurred within this judicial district.

5. Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 11, 2005. On January 28, 2008, the EEOC issued a determination concluding that Defendant's proffered reasons for rejecting Gaddis's candidacy as a custodian were pretextual and that there was reason to believe Defendants had subjected Gaddis to disability discrimination.

6. On June 5, 2008, The United States Department of Justice issued Plaintiff a notice informing him of his right to sue Defendant. Plaintiff received this notice on June 9, 2008. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the *ADA*.

## PARTIES

7. Gaddis was at all relevant times an employee or an employment applicant of the Board of Education of the East Ramapo School District ("the District"). He resides at 24 Twin Avenue Rockland, New York, 10977.

8. Defendant District is an entity created pursuant to New York State Education Law and is charged with providing education services to students within the jurisdiction of the East Ramapo School District. The District maintains its principal office at 23

Madison Avenue, Spring Valley, New York, 10977. It is an employer as that term is defined in the *ADA*, 42 U.S.C. § 12111(5)(A), and *Executive Law* § 292(5).

## FACTS RELEVANT TO ALL CLAIMS

9. Plaintiff was a custodian with Respondents from October 1993 until September 23, 2003. On September 23, 2003, Plaintiff resigned from his employment with the District so that he could obtain treatment for alcohol abuse beginning October 14, 2003.

10. When Plaintiff resigned his custodian position, he informed the District that he was required to participate in a court mandated substance abuse program for alcoholism. The District assured the Plaintiff, that after his rehabilitation he could apply for, and the District would give him, "proper consideration" for any available custodian positions. Under these assurances, Plaintiff submitted his resignation.

11. Plaintiff underwent alcohol abuse rehabilitation and in October of 2004, Plaintiff learned that the District had several custodian positions available. Plaintiff applied for any available custodian position and appeared for an interview on or about, October 15, 2004. On that date the District Custodian Supervisor, Ed Hayden, did not conduct an interview but only met Plaintiff briefly to inform him that he was not qualified for a custodian position because Gaddis did not have a driver's license and the custodian position required a driver's license. The District never responded to Plaintiff's application for a custodian position.

12. The District was aware that Gaddis did not have a driver's license because Gaddis had relinquished his driver's license as a result of a driving under the influence of alcohol arrest.

13. The job qualifications for District custodian do not include a driver's license. Nor do the essential functions of the custodian position require a driver's license. Plaintiff was a custodian with the District for nearly ten years prior to his resignation. During the entire time he worked as a custodian he was never required to have a driver's license or to drive a vehicle. He had also served as a "floater" custodian and he performed all of his job duties without a driver's license or without having to drive a vehicle.

14. Prior to Plaintiff's voluntary resignation for alcohol rehabilitation treatment, the District had not terminated, discharged, or initiated any charges against Plaintiff for any alleged acts of misconduct or failures to execute his job duties.

15. Gaddis was a custodian with the District for ten years and the District never issued formal discipline against Gaddis or sought charges seeking Gaddis' termination from employment for any alleged misconduct or failure to execute his job duties. Despite this record, the District refused to re-hire Plaintiff for any available custodian positions in October 2004 after Gaddis had resigned for purposes of alcohol rehabilitation.

16. Gaddis is qualified for the available custodian positions as indicated by his ten year employment with the District as a custodian. However the District refused to re-hire Gaddis because it perceives Gaddis as an individual who suffers from alcoholism.

### AS AND FOR A
### FIRST CAUSE OF ACTION

17. The District refused to re-hire Gaddis because of a the perceived disability of alcoholism. Defendant therefore discriminated against Gaddis because of this perceived

disability. By its acts and practices described above, Defendant has violated the *Americans with Disabilities Act*, 42 U.S.C. § 12101 *et. seq.*

18. As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in this discriminatory practice with malice and with reckless indifference to Plaintiff's rights protected under federal law.

## AS AND FOR A
## SECOND CAUSE OF ACTION

19. By acts and practices described above, the Defendant violated Plaintiff's rights under the *New York Human Rights Law, N.Y. Executive Law* §290 *et. seq.*

20. As a result of Defendants's discriminatory acts Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these discriminatory practices.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant:

## ON THE FIRST CAUSE OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of the *ADA;*

(b) enjoining and permanently restraining these violations of the *ADA;*

(c) directing Defendant to take such affirmative action as is necessary to ensure that the effects of this unlawful employment practice is eliminated and does not continue to effect Plaintiff's employment opportunities;

(d) directing Defendant to hire Plaintiff to the custodian position which he applied for but to which he was wrongfully rejected for in October of 2004, due to Defendant's discriminatory practice, and directing Defendant to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e) directing Defendant to pay Plaintiff compensatory and punitive damages and damages for his mental anguish and humiliation;

(f) awarding Plaintiff reasonable attorney's fees and the costs of this action;

(g) granting such other and further relief as this Court deems just and proper;

## ON THE SECOND CAUSE OF ACTION

(h) awarding compensatory damages in an amount not yet ascertained;

(i) awarding Plaintiff reasonable attorney's fees and costs of this action.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury trial on all of the causes of action herein.

Dated: New York, NY
August 11, 2008

JAMES R. SANDNER, ESQ. (JS-0360)
Attorney for Plaintiff
New York State United Teachers
52 Broadway, 9th Floor
New York, New York 10004
(212) 533-6300

By: _____
MARIA ELENA GONZALEZ, ESQ. (MG-3895)
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

............................... X

JERRY GADDIS,

                      Plaintiff,

- against -

BOARD OF EDUCATION OF THE EAST RAMAPO
SCHOOL DISTRICT,

                      Defendant.

............................... X

08 CV 7220
ECF CASE

**RULE 7.1 STATEMENT**

RECEIVED
AUG 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure [formerly Local General Rule 1.9] and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned attorney of record for JERRY GADDIS (a private, non-governmental party) certifies that the following are corporate parents, subsidiaries, and/or affiliates of said party, which are publicly held: NONE.

DATED:    New York, New York
              August 13, 2008

                                      JAMES R. SANDNER, ESQ. (JS-0360)
                                      Attorney for Plaintiff
                                      New York State United Teachers
                                      Office of General Counsel
                                      52 Broadway, 9th Floor
                                      New York, New York 10004
                                      (212) 533-6300

                    By:     _____
                            Maria Elena Gonzalez, Esq. (MG-3895)
                            Of Counsel

NYCLegal:118742